UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARLIN EUGENE DAUGHRITY,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>    Defendant. | No. 2:14-CV-0126-RHW<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR REMAND** |

**BEFORE THE COURT** is Defendant's Motion for Remand. ECF No. 16. Plaintiff is represented by attorney James Tree, while Defendant is represented by Special Assistant United States Attorney Jeffrey McClain. This motion was decided without oral argument.

## BACKGROUND

Pursuant to 42 U.S.C. § 405(g), Plaintiff initiated this action by filing a complaint seeking review of the final administrative decision of the Commissioner of Social Security denying his applications for a period of disability, disability insurance benefits and Supplemental Security Income ("SSI") disability benefits. ECF No. 3. Plaintiff filed his motion for summary judgment and instead of filing a responsive motion, Defendant filed the instant motion to remand. ECF Nos. 12 and 16. Defendant moves the Court for an order remanding this matter for further administrative proceedings. ECF No. 16. Plaintiff responded by moving the Court

**ORDER GRANTING DEFENDANT'S MOTION FOR REMAND ~ 1**

for an order of remand with instructions to calculate and award benefits and no further proceedings. ECF No. 17 at 2.

## DISCUSSION

The Ninth Circuit has developed a three-part standard governing scenarios where a court should remand with instructions to calculate and award benefits.

(1) The record must be "fully developed and further administrative proceedings would serve no useful purpose;"

(2) The Administrative Law Judge ("ALJ") must have "failed to provide legally sufficient reasons for rejecting evidence…; and"

(3) "If the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."

*Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Even when a person meets the standard, a court may still properly remand for further proceedings when "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021. It is, however, an abuse of discretion for the district court to remand for further proceedings when the record "afford[s] no reason to believe that [the claimant] is not, in fact, disabled." *Id*.

Plaintiff argues that he is disabled because he meets or exceeds the criteria of Listing 12.05C. ECF No. 17 at 3. Listing 12.05 consists of an "introductory paragraph with the diagnostic description for intellectual disability . . . and four sets of criteria (paragraphs A through D)." 20 C.F.R. Pt. 404, Subpt. P, App. 1 12.00A. A claimant must meet the standard set forth in the introductory paragraph and at least one of the four listed criteria. *Id.* Listing 12.05 reads, in relevant part,

> Intellectual disability refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.

**ORDER GRANTING DEFENDANT'S MOTION FOR REMAND** ~ 2

> The required level of severity for this disorder is met when the requirements in A, B, C, or D, are satisfied . . .
>
> C. A valid verbal, performance, or full IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.

20 C.F.R. Pt 404, Subpt. P, App. 1, Listing 12.05. The structure of Listing 12.05C is "unique" in that it "allows a claimant to be found *per se* disabled without having to demonstrate a disabling, or even severe, level of mental functioning impairment," which sometimes leads to "curious result[s]." *Abel v. Colvin*, 2014 WL 868821, at *4 (W.D. Wash. 2014) (internal citation and quotation marks omitted).

Thus, in order to be considered presumptively disabled under Listing 12.05(C) based on "intellectual disability," a claimant must present evidence of (1) "significantly subaverage general intellectual functioning with deficits in adaptive functioning" which initially manifested before the age of 22 (*i.e.,* "during the developmental period"); (2) a "valid verbal, performance, or full scale IQ of 60 through 70"; and (3) "a physical or other mental impairment imposing an additional and significant work-related limitation of function." 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.05(C); *see Kennedy v. Colvin,* 738 F.3d 1172, 1174 (9th Cir.2013) (citing *id.*).

Here, absent the drug and alcohol concerns, the record establishes that Plaintiff meets Listing 12.05C. Plaintiff received a verbal comprehension IQ score of 68. Tr. 509-510. This IQ score not only meets the requirements of prong two, but also is at least some evidence of prong one—initial manifestation before the age of 22—as well. *See Ramirez v. Colvin*, 2014 WL 360183, at *5 (C.D. Cal. Jan. 31, 2014) (collecting cases that hold IQ scores remain fairly constant throughout a person's life). Additionally, Plaintiff has a sixth grade education, was enrolled in

**ORDER GRANTING DEFENDANT'S MOTION FOR REMAND** ~ 3

special education classes until dropping out, and reported to multiple providers that he had learning problems. Tr. 377, 403, 439, 507. Additionally, Dr. Bailey, who administered Plaintiff's IQ test, found that "his intellectual limitations are likely lifelong." Tr. 511. Accordingly, substantial evidence in the record establishes that Plaintiff's intellectual disability manifested before the age of 22, thus satisfying prong one. Finally, Plaintiff satisfied prong three of the Listing because the ALJ found Plaintiff suffered from additional severe impairments including: history of spinal compression fracture of the lumbar spine, healed; adjustment disorder, with depressed mood; and personality disorder, not otherwise specified. Tr. 16.

      Despite meeting Listing 12.05C, the Court finds that this case needs to be remanded for further proceedings. The remand will be limited to only one issue—a drug and alcohol addiction ("DAA") analysis in the context of Listing 12.05C. Plaintiff has the burden of showing that drug and alcohol addiction is not a contributing factor material to disability. *Ball v. Massanari*, 254 F.3d 817, 823 (9th Cir.2001). The Social Security Act bars payment of benefits when drug addiction and/or alcoholism is a contributing factor material to a disability claim. 42 U.S.C. §§ 423(d)(2)(C) and 1382(a)(3)(J); *Bustamante v. Massanari*, 262 F.3d 949 (9th Cir. 2001); *Sousa v. Callahan*, 143 F.3d 1240, 1245 (9th Cir.1998). If there is evidence of DAA and the individual succeeds in proving disability, the Commissioner must determine whether DAA is material to the determination of disability. 20 C.F.R. §§ 404.1535 and 416.935. The ALJ found that Plaintiff's substance use disorder was a contributing factor material to the determination of disability, but not in the context of Listing 12.05C. Tr. 26. Since the ALJ did not discuss Listing 12.05C in the decision, the record is not fully developed as to whether Plaintiff's substance abuse is material to him meeting Listing 12.05.

      More specifically, the Court finds that the record is not fully developed on the issue of the validity of Plaintiff's IQ score, particularly in relation to the

**ORDER GRANTING DEFENDANT'S MOTION FOR REMAND** ~ 4

potential impact that alcohol abuse could have had on the results. On March 22, 2011, Plaintiff saw Dr. Bailey and reported that he had stopped drinking in 2008. Tr. 508. Yet evidence in the record, including Plaintiff's own testimony, establishes that this is not true and he continued to drink heavily in 2009, 2010, and most importantly, 2011. Tr. 24. The issue of heavy drinking into 2011 is critical because, as mentioned above, this is the year his IQ test was administered. Tr. 510. On August 12, 2011, Plaintiff was examined by Dr. Ton at the hospital and the doctor noted that Plaintiff was intoxicated. Tr. 538. Plaintiff told Dr. Ton that he had been drinking a six-pack of beer and a half pint of whiskey per day for the last 30 years. Tr. 541. At the hearing on October 4, 2012, Plaintiff testified that he had only stopped drinking 10 months ago, which would have been after the IQ test at issue. Tr. 76. Furthermore, Dr. Bailey also appeared to call into question the validity of the IQ score when he noted that, "[t]here is no clear evidence of malingering[;] I am not sure I got absolutely full effort; however, …." Tr. 509.

Given the uncertainty surrounding the effect of Plaintiff's substance abuse on the outcome of his IQ test and the concerns raised by Dr. Bailey, the Court finds that a limited remand is necessary because the record on a crucial issue is not fully developed. On remand, the ALJ is instructed to conduct a DAA analysis and determine if Plaintiff's substance abuse is material to a finding of disabled under Listing 12.05C. The DAA analysis is an intricate, highly fact-based determination, and one which agency expertise is highly favored. *See Treichler v. Commissioner of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014) ("For highly fact-intensive individualized determinations like a claimant's entitlement to disability benefits, Congress places a premium upon agency expertise, and, for the sake of uniformity, it is usually better to minimize the opportunity for reviewing courts to substitute their discretion for that of the agency) (internal citations and quotations omitted).

**ORDER GRANTING DEFENDANT'S MOTION FOR REMAND** ~ 5

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Remand, **ECF No. 16**, is **GRANTED.**

2. This matter is remanded for further proceedings consistent with this Order.

**IT IS SO ORDERED**.  The District Court Executive is directed to file this Order and provide copies to counsel for Plaintiff and Defendant and close the file.

DATED this 29th day of April, 2015.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge
